FILED20 JUN '11 13:39USDC-ORP

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | | |
|---|---|---|
| MICHAEL MORROW, | ) | Civil No. 3:10-cv-00209-JO |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | OPINION AND ORDER |
| | ) | |
| BARD ACCESS SYSTEMS, INC., | ) | |
| a Utah corporation, | ) | |
| | ) | |
| Defendant. | ) | |

Richard C. Busse
BUSSE & HUNT
621 S.W. Morrison Street, Suite 521
Portland, OR 97205

  Attorney for Plaintiffs

Jeffrey S. Bosley
Mari Overbeck
WINSTON & STRAWN, LLP
101 California Street
San Francisco, CA 94111

Ryan S. Gibson
Victor J. Kisch
STOEL RIVES, LLP
900 S.W. Fifth Avenue, Suite 2600
Portland, OR 97204

    Attorneys for Defendants

JONES, Judge:

    Plaintiff Michael Morrow brought this action against defendant Bard Access Systems,

Inc., in state court, alleging claims for age discrimination under ORS Chapter 659A, and

common law claims for wrongful discharge. Defendant removed the action to this court based

on diversity jurisdiction.

    The case is now before the court on defendant's motion (# 25) for summary judgment.

For the reasons stated below, defendant's motion is denied as to plaintiff's age discrimination

claim and granted as to the wrongful discharge claims.

## STANDARDS

    Summary judgment should be granted if there are no genuine issues of material fact and

the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). If the moving

party shows that there are no genuine issues of material fact, the non-moving party must go

beyond the pleadings and designate facts showing an issue for trial. Celotex Corp. v. Catrett, 477

U.S. 317, 322-23 (1986). A scintilla of evidence, or evidence that is merely colorable or not

significantly probative, does not present a genuine issue of material fact. United Steelworkers of

America v. Phelps Dodge, 865 F.2d 1539, 1542 (9th Cir. 1989).

The substantive law governing a claim determines whether a fact is material. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); see also T.W. Elec. Service v. Pacific Elec. Contractors, 809 F.2d 626, 630 (9th Cir. 1987). Reasonable doubts as to the existence of a material factual issue are resolved against the moving party. T.W. Elec. Service, 809 F.2d at 631. Inferences drawn from facts are viewed in the light most favorable to the non-moving party. Id. at 630-31.

## DISCUSSION

The parties are familiar with their extensive evidentiary submissions, and I find it unnecessary to repeat the factual background of this dispute here. Having thoroughly reviewed the parties' arguments and submissions, I conclude that summary judgment on plaintiff's age discrimination claim must be denied, but that his wrongful discharge claims are not viable and must be dismissed.

1.    Age Discrimination

The record establishes that during his employment with defendant, plaintiff "was his own worst enemy," as defendant points out and has thoroughly documented. But the record also shows that plaintiff consistently was a top performer in sales. Despite plaintiff's success in sales, defendant contends that plaintiff's long history of administrative failings, misconduct, and other behavior, including the final unprofessional email[1] that is central to defendant's arguments,

---

[1]    In response to an inquiry from a clinical nurse at OHSU, one of defendant's significant customers, concerning whether plaintiff wanted to continue as the industry representative on the Oregon Vascular Access Network ("ORVAN"), plaintiff responded:

You are kidding, right? I have heard the terrible and untrue things you, Jamie, and Leslie have said about me. I have heard it from [defendant], and I have heard it
(continued...)

3 - OPINION AND ORDER

resulted in the decision to terminate his employment. The evidence strongly supports

defendant's position.

Plaintiff, in turn, contends that age, not misconduct, was the reason for his termination.

In support of his argument, plaintiff largely relies on his own affidavit, in which he describes

statements made by several of defendant's managers that may be construed as demonstrating age

bias. Because this is a summary judgment proceeding, the veracity of plaintiff's testimony is not

before the court. Accepting plaintiff's testimony as true for purposes of the pending motion, a

reasonable trier of fact could find that plaintiff's termination was an unlawful employment

practice under ORS Chapter 659A.[2]

The parties debate whether causation is measured by the "but for" test the United States

Supreme Court articulated in Gross v. FBL Fin. Servs. Inc., ___ U.S. ___, 129 S.Ct. 2343, 2351

(2009), for federal Age Discrimination in Employment Act ("ADEA") cases, or the "substantial

factor" test ordinarily applied in Oregon state law discrimination claims. See, e.g., Seitz v. State

by and Through Albina Resources Center, 100 Or. App. 665, 675, 788 P.2d 1004 (1990)(sex and

---

[1](...continued)

from several different reps as well. I hope I never have to be in the same room as
any of you. You have disparaged me and killed my career at [defendant]. You
should all be ashamed of yourselves. I will pray for you all, but I will not put
myself in a position to be your scapegoat ever again. The lack of integrity and
truthfulness you have all demonstrated is deplorable, and I cannot pretend for
political reasons that it is not. So, no, I do now want anything to do with
[ORVAN].

See, e.g., Declaration of Richard Busse, Attachment 21. Plaintiff sent the email on January 11,
2009; he was terminated on January 26, 2009, a mere two weeks later.

[2]      Defendant filed evidentiary objections to plaintiff's declaration (# 40), but I
decline to rule on those objections at this juncture.

4 - OPINION AND ORDER

race discrimination). Neither party has cited an Oregon appellate court decision that addresses

the specific issue of causation in a ORS Chapter 659A age discrimination case, nor has this court

found one.

It is tempting to construe the language of the Oregon law as the Supreme Court did in

Gross, because the pertinent language interpreted in Gross is identical in both statutes, i.e., with

respect to causation, both statutes prohibit discrimination "because of" age. Compare 29 U.S.C.

§ 623(a)(1) with ORS 659A.030(1)(a). The ADEA, however, specifically applies only to age

discrimination, while ORS 659A.030(1)(a) prohibits discrimination "because of" "race, color,

religion, sex, sexual orientation, national origin, marital status or age . . . ." As noted above,

although no Oregon appellate decision interprets the "because of" language in the context of an

age discrimination case, the courts have clarified that the "substantial factor" test applies to other

forms of discrimination prohibited by the same statute. See, e.g., Ettner v. City of Medford, 178

Or. App. 303, 35 P.3d 1140 (2001) (gender); Winnett v. City of Portland, 118 Or. App. 437, 847

P.2d 902 (1993) (sex); Seitz, supra, 100 Or. App. at 675 (sex and race); see also Ventura v.

Johnson controls, Inc., 2010 WL 3767882 at *10 (D.Or. Sept. 16, 2010). And as the Oregon

Court of Appeals recently noted:

> The ultimate factual question that must be addressed in such a civil action is
> whether the plaintiff has proved that the defendant intentionally discriminated
> against the plaintiff, that is, whether the defendant treated the plaintiff differently,
> and adversely, because of . . . age.

Christianson v. State of Oregon, 239 Or. App. 451, 455, 244 P.3d 904 (2010).

The record in this case strongly supports an inference that plaintiff was, indeed,

terminated for performance deficiencies and misconduct. On the other hand, the record also

5 - OPINION AND ORDER

demonstrates that defendant initially planned to respond to plaintiff's unprofessional email by

disciplining him and giving him a formal letter of reprimand, not terminating him. The fact that

defendant terminated plaintiff just weeks before his second installment of deferred stock awards

was to vest, coupled with plaintiff's testimony concerning age-based comments by defendant's

managers, permits an inference, albeit a weak one, that plaintiff's age was a substantial factor in

defendant's decision to terminate him. Based on the above, I conclude that plaintiff's evidence is

sufficient to establish his *prima facie* case of discrimination under the evidentiary framework

established in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973), which this court applies

to both federal and Oregon state law discrimination claims. Snead v. Metropolitan Property &

Casualty Insurance Company, 237 F.3d 1080, 1094 (9th Cir. 2001).

2.    Wrongful Discharge

Plaintiff alleges two claims for wrongful discharge, one tort claim and one contract claim.

In the tort claim, plaintiff alleges that he was wrongfully discharged for complaining about

allegedly unsafe products that defendant marketed. In his so-called "wrongful termination -

contract" claim, plaintiff alleges that defendant terminated him to avoid having to pay certain

stock awards that had not yet vested. See Amended Complaint, Claims 2 and 3.

Oregon courts have repeatedly affirmed the validity of the "at-will employment rule,"

holding that "'[g]enerally an employer may discharge an employe[e] at any time and for any

reason, absent a contractual, statutory or constitutional requirement [to the contrary].'" Babick v.

Oregon Arena Corporation, 333 Or. 401, 407 and n.2, 40 P.3d 1059 (2002) (quoting Patton v.

J.C. Penney Co., 301 Or. 117, 120, 719 P.2d 854 (1986)). Oregon courts also recognize,

however, that discharge of an at-will employee may be deemed "wrongful" under certain

circumstances, for example, "when the discharge is for exercising a job-related right that reflects

an important public policy" or "when the discharge is for fulfilling some important public duty."

Babick, 333 Or. at 407 (citations omitted).

Plaintiff's "wrongful discharge" tort claim fits neither example. More importantly,

plaintiff has presented no plausible evidence that his complaints about products were a factor, let

alone a substantial factor, in defendant's decision to discharge him. Similarly, even if the court

were to accept plaintiff's "wrongful termination - contract" theory of recovery,[3] there is no

plausible evidence that the future vesting of stock awards, standing alone, resulted in defendant's

decision to terminate plaintiff or even was a substantial factor in that decision. The possible

vesting of future stock awards is relevant only as some circumstantial evidence, albeit weak

evidence, of age discrimination, as plaintiff suggests and the court, with reservation, accepts. See

discussion supra.

---

[3]     I agree with defendant that plaintiff's "wrongful discharge - contract" claim fails
as a matter of law for the reasons set forth in Defendant's Reply, pp. 29-30. Further, whether
ERISA is or is not implicated by plaintiff's contract claim is not an issue this court must address
to resolve defendant's motion; the court also rejects plaintiff's argument that he has a valid
ERISA claim because his Amended Complaint alleges no such claim.

7 - OPINION AND ORDER

## CONCLUSION

For the reasons stated, defendant's motion (# 25) is granted in part and denied in part, as follows:  GRANTED as to plaintiff's wrongful discharge claims (Claims 2 and 3) and DENIED as to plaintiff's age discrimination claim (Claim 1).

DATED this 20th day of June, 2011.

ROBERT E. JONES
U.S. District Judge

8 - OPINION AND ORDER